LOUIS GARFUNKEL, *Plaintiff in Error,* v. THE STATE OF
FLORIDA, *Defendant in Error.*

Opinion Filed October 28, 1913.

When the value of the property embezzled determines whether
the crime is a felony or a misdemeanor, the verdict should
respond to that issue.

Writ of error to Criminal Court of Record, Monroe
County; W. Hunt Harris, Judge.

Judgment reversed.

*L. A. Harris,* for Plaintiff in error;

*T. F. West,* Attorney General, and *C. O. Andrews,* As-
sistant, for the State.

COCKRELL, J.—An information was preferred against
Garfunkel charging him with the embezzlement of numer-
ous petty items, amounting in the aggregate to something
over two hundred dollars. Upon the trial a verdict was
rendered finding him "guilty as charged."

This court in the case of Thalheim v. State, 38 Fla. 169,
text 205, 20 South. Rep. 938, held that as the crime of
embezzlement is graded into felonies and misdemeanors,
according as the value of the property so fraudulently con-

verted exceeds or not a certain amount, the verdict should make it clear whether the higher or the lower grade of the crime had been made out. The citations therein relied on proceed upon the idea that it is not necessary for the State to prove the value as laid in the information, and therefore the value so laid not being an essential part of the charge, a finding by the jury of guilty as charged is not a finding of the specific values as alleged by the pleader.

We have less hesitation in reversing for this somewhat technical error because no particular item involved is shown to be worth more than three or four dollars; the trial judge seems to have been in doubt as to whether there had been conviction of a felony or a misdemeanor, as indicated by the sentence imposed; but more especially because an examination of the evidence convinces us that the transactions complained of do not in law amount to a crime, or anything more than an inability to pay a debt the minute it became due.

Judgment reversed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.